MONTGOMERY
vs
BOONE et al.

---

DEBT.

Case 76.

April 13.

## Montgomery *vs* Boone *et al.*

ERROR TO THE WASHINGTON CIRCUIT.

*Deeds.  Unsealed instruments.  Partners.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

THE only question in this case is whether a written undertaking to pay a partnership liability, signed in the name of the firm and sealed by one of the partners, without the express authority of the other co-partners, is the legal obligation of all of them, or of him only who affixed the signature and scrawl.

One partner has no implied authority to bind his co-partners by deed.

Adjudged cases in England authoritatively established the doctrine that one partner has no implied power to bind his colleagues by *deed,* and however arbitrary that doctrine may now be deemed to be, or however inconsistent with the harmony and reason of the common law, this Court has no authority to overrule it.

The principle thus settled as to *deeds,* seems to have been recognized as applicable to all contracts under seal to pay money, even though a seal was not essential to the obligation of any such contract. This may have been a perversion or extension of the principle as to *deeds,* which was probably applicable at first only to such writings as would be ineffectual without a seal, and not to such as might be as binding and effectual without as

with a seal. All judicial question however, has been concluded on this subject, also by this Court.

And although, since the statute of 1812 as to executory writings, a promissory note for money has here all the legal dignity and effect of a bond under seal, nevertheless our predecessors decided in the case of *Trimble* vs *Smith*, (2 *A. K. M.* 375,) that one partner had not an implied authority to bind his associates by a covenant, with a scrawl—and in *Southard and Star* vs *Steel*, (3d *Mon.* 438,) that he has such authority to bind them by a covenant *under our statute*, without a seal or scrawl; and hence, according to these cases, if a partner, in executing several notes for a debt, in instalments, should happen to affix a superfluous scrawl to one of them and omit it as to the others, the first might be binding on himself alone, whilst the others would bind all the partners; and *this* would be the *only legal effect* of the scrawl, without which the note would have the same effect *in every other respect*.

After the enactment of the statute of 1812, it might have been perhaps allowable; and, if allowable, it might have been better to have determined either that the implied authority of a partner applied to all notes for money, whether sealed or unsealed, or that it did not apply to any, as all had become, in effect, sealed obligations.

But the law, as adjudged in the cases just quoted, has been well understood, and has never been overruled or disturbed by either legislative or judicial authority, and therefore, as in such a case of mere arbitrary law, it is not so material what rule is adopted, as that it should be fixed and universal—we will take the doctrine, on this subject, as we find it in former adjudications by this Court.

And, therefore, our conclusion is, that as the covenant in this case had a scrawl affixed to it, the partner who executed it had no implied authority thus to bind his co-partners; and that therefore as adjudged in the Court below, that covenant is not, in the judgment of technical law, their *deed*.

The judgment of the Circuit Court is therefore affirmed.

*Kelly* for plaintiff; no appearance for defendant.

MONTGOMERY
*vs*
BOONE *et al.*

---

One partner in Kent'y. notwithstanding the statute of 1812, giving to a promissory note for money, all the dignity and effect of writing under seal, may bind his partner by such unsealed note, but not if a seal or scrawl be placed to the instrument.